## Pastelak v. Ambridge Borough

*Smith & Schermerhorn*, for plaintiff.
*Hon. Eugene A. Caputo*, for defendant.

McCREARY, P. J., October 29, 1947.—Upon the trial of the above-entitled case the jury, on April 29, 1947, returned a verdict in favor of plaintiff for $900. This amount included damages for detention. The case was tried before a jury by reason of an appeal having been filed by defendant from the award made by the viewers in favor of plaintiff in the amount of $325. The case is now before us on a motion presented by defendant for a new trial. The reasons assigned in support of the motion are (1) the verdict was against the law; (2) the verdict was against the evidence; (3) the verdict was against the charge of the court, and (4) the verdict was excessive. Defendant requested leave to file additional reasons within 15 days of the date of the filing of the transcribed notes of the testimony and charge of the court, but no additional reasons have been assigned by defendant, although the transcript was filed June 20, 1947.

By virtue of Ordinance No. 525 of the Borough of Ambridge, approved August 21, 1944, the borough authorized the widening of Pine Street and Rice Avenue in the Borough of Ambridge, and appropriated a portion of the property of plaintiff for that purpose. Plaintiff, at the time of the appropriation, was the owner of lots numbered 12 and 13 in the Circle View plan of lots situate in the third ward of the Borough of Ambridge, Beaver County, Pa., which plan is recorded in the recorder's office of said county in Plan Book, Vol. 4, page 33. Prior to the appropriation by the borough plaintiff had commenced the erection of a dwelling on the easterly end of lot no. 13, having completed thereon a concrete platform and footers, the concrete platform apparently being intended to be used as the ground floor, or possibly the basement of the proposed dwelling. The westerly line of the portion of said lots appropriated by the borough for the purpose of widening the street ran through a portion of this concrete platform and footer, leaving a portion of

the improvement within the limits of the new street line.

Upon the trial of the case the jury viewed the land before evidence was offered. On behalf of plaintiff two expert witnesses fixed the damages occasioned to the tract of land as a whole by the appropriation, the one fixing the damage at $775 and the other fixing it at $700. One expert witness as to value called by defendant borough fixed the damages at $200. The witnesses, we are satisfied, were all very reputable men, they being K. R. Wagner and C. Roy Kerr for plaintiff, and Willard M. Lewis for defendant. We have no doubt that they honestly expressed their opinion as to the effect of the appropriation upon the land of plaintiff. They were carefully examined and cross-examined, and their testimony was all fairly presented to the jury. It was for the jury to pass upon the credibility of the witnesses and the reliability of their information, as well as the soundness of their judgment.

We instructed the jury that they might award damages for detention. We carefully instructed them to the effect that they would be entitled to add to the amount of the damages a reasonable sum for detention, if the jury should come to the conclusion that the postponement of the payment of damages by the borough and the detention of the sum justly due plaintiff, if any, was unreasonable. The $900 verdict apparently reflects an award of damages by the jury in the amount of $775, as testified to by K. R. Wagner, plus interest at the rate of approximately six percent from the date of the appropriation to the date of the verdict. The charge of the court in this regard, or in any other regard, has not been assigned as error by defendant, nor has any error in the reception or rejection of evidence been assigned by defendant as a basis for its motion for the granting of a new trial.

The court is justified in setting aside a verdict entered by a jury on an appeal from an award of viewers

in eminent domain proceedings only if there were no evidence reasonably justifying the verdict, or if the verdict is so grossly excessive as to shock the conscience of the court. This is not the situation in the present case. We may not have felt justified ourselves in fixing the damages in the amount fixed by the jury. This, however, is not a sufficient reason for setting aside the verdict if there is evidence which justifies the verdict. There is no assurance that another jury would reach a different conclusion, or one more consistent with all of the evidence in the case.

We think the words of the court in the case of Stewart v. Northampton R. R. Co., 14 Dist. R. 739, are peculiarly applicable to such a case:

"After the trial of an appeal from assessment of damages for appropriation of land under the right of eminent domain, depending upon differences of opinion in valuations, with no legal questions involved and no allegation of misconduct by parties or jurors, there can seldom, if ever, be a case demanding a new trial if there is sufficient evidence upon which a verdict may rest."

See also: Davis v. Pennsylvania R. R. Co., 23 Lanc. 17; Keim v. Reading, 1 Berks 27; Seiverd v. Wolfinger, 2 Berks 48; Showman v. School District of Connellsville, 68 Pitts. L. J. 799.

The correct rule in cases such as we are now considering is set forth in 14 Standard Pa. Practice 454, 455, §176 as follows:

"The principles discussed elsewhere in this work relative to the granting of new trials in general are equally applicable to appeals to the Common Pleas from viewers' proceedings. Thus, while excessiveness or inadequacy of a viewers' award would not prevent confirmation of the report, yet, at the trial on appeal it is within the sound discretion of the trial court to award a new trial because the jury's verdict is inadequate or excessive. A new trial should not be granted merely

because the amount of the verdict is larger than the court would have awarded if sitting as a jury; it must be so large as to 'offend the conscience and judgment of the court.' The court should not exercise its discretionary power unless it is convinced the jury has committed a manifest wrong. When a verdict is merely capricious or rests upon no satisfactory evidence, it must be set aside or part of it remitted. When a verdict is nearly twice as great as the estimates of damages by the defendant's witnesses, but within the estimates of the plaintiff's witnesses, it will not be set aside, since it is for the jury to determine whose testimony is entitled to the greater weight.

．　　．　　．　　．　　．　　．　　．　　．

"But the mere fact that the verdict is lower or higher than the viewers' award is insufficient to set it aside as inadequate or excessive."

See cases cited in the footnotes in support of the above correct statement of the law.

The verdict in the instant case is within the limits of credible evidence as to values presented to the jury. The jury viewed the land, and were able to weigh the evidence in connection with their own observation of conditions upon the ground. We feel that we would not be justified in setting aside the verdict and granting a new trial, and that we could not do so with any assurance that a more satisfactory result would be reached in the event of a second trial.

We therefore make the following

### Order

Now, to wit, October 29, 1947, the motion for a new trial is overruled and a new trial is refused, and it is ordered that judgment be entered in favor of plaintiff and against defendant in the amount of $900, with interest from April 29, 1947, upon payment of the jury fee.